| | | |
|---|---|---|
| THOMAS M. DUTKIEWICZ, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:11-CV-00790 (JCH) |
| | : | |
| v. | : | |
| | : | |
| CITY OF BRISTOL, BRISTOL FIRE | : | JULY 28, 2011 |
| DEPARTMENT, OFFICE OF THE | : | |
| FIRE MARSHAL | : | |
| Defendants. | : | |

### RULING RE: PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTIVE AND DECLARATORY RELIEF (Doc. No. 5)

## I.      INTRODUCTION

Plaintiff, Thomas M. Dutkiewicz, brings this action seeking a preliminary

injunction prohibiting the Bristol Fire Marshal from conducting an inspection of Mr.

Dutkiewicz's residence.  Mr. Dutkiewicz contends that such an inspection, absent his

consent, would violate his Fourth and Fourteenth Amendment rights.  The City of

Bristol, Bristol Fire Department, and Office of the Fire Marshal (collectively, "the

defendants") assert that periodic inspections do not violate any constitutional rights.  For

the reasons set forth below, the court denies Mr. Dutkiewicz's Motion for Emergency

Injunctive and Declaratory Relief.

## II.      PROCEDURAL BACKGROUND

Mr. Dutkiewicz filed a complaint against the City of Bristol, the Bristol Fire

Department, and the Office of the Fire Marshal on May 13, 2011 (Doc. No. 1).  On May

19, 2011, Mr. Dutkiewicz filed a Motion for Emergency Ex Parte Injunctive and

Declaratory Relief (Doc. No. 5).  On May 23, 2011, the court ordered Mr. Dutkiewicz to

serve the Complaint and the Motion on the defendants (Doc. No. 6).  The court

indicated that it would consider the Motion after defendants had been served and had an opportunity to appear.

Defendants appeared on June 20, 2011 (Doc. Nos. 8, 9).  On June 22, 2011, the court ordered the defendants to show cause why Mr. Dutkiewicz's Motion should not be granted (Doc. No. 12).  Defendants made a timely response on July 11, 2011 (Doc. No. 13).  The court then ordered Mr. Dutkiewicz to reply to the defendants' response (Doc. No. 14).  Mr. Dutkiewicz filed his reply to defendants' response on July 22, 2011 (Doc. No. 15).

## III.  FACTUAL BACKGROUND[1]

The material facts in this case do not appear to be in dispute.  Mr. Dutkiewicz resides in a four-unit multi-family dwelling in Bristol, Connecticut owned by Robert Persichilli.  Defs.' Resp. Order to Show Cause at 1 (hereafter "Defs.' Resp.").  On March 21, 2011, there was a fire in one of the second floor apartments in the building.  Id.  The fire marshal determined that the smoke detector in the apartment was inoperable.  Id. at 1–2; Ex. A at 4.  On March 23, 2011, Fire Inspector Len DiVenere sent a letter to Mr. Persichilli, requesting to inspect the property pursuant to Connecticut General Statute § 29-305.  Defs.' Resp., Ex. D.

DiVenere conducted an inspection of the common areas in the building and the apartment where the fire had taken place on March 25, 2011.  Defs.' Resp., Ex. B.  DiVenere's inspection revealed numerous code violations.  Id.

---

[1] Although courts typically hold an evidentiary hearing prior to deciding a Motion for Preliminary Injunction, such a hearing is not always required.  See Consol. Gold Fields PLC v. Minorco, S.A., 871 F.2d 252, 256 (2d Cir. 1989).  Where, as here, essential facts are not in dispute, a judge may decide the matter at hand based on the paper record.  See id.  Furthermore, a movant waives his right to an evidentiary hearing where he is content to rest on the record.  See id.  Here, Mr. Dutkiewicz himself argues that a hearing is unnecessary.  See Compl. at 5.

On April 27, 2011, DiVenere scheduled an appointment with Mr. Persichilli to conduct a full inspection of the property on May 10, 2011, in order to determine whether the prior infractions had been remedied and to inspect the remaining apartments. <u>Id.</u> DiVenere advised Mr. Persichilli that he must obtain permission from each resident in order for the fire inspector to inspect the remaining apartments. <u>Defs.' Resp.</u> at 3. The fire marshal has not conducted a full inspection of the building since 2006. <u>See</u> <u>Defs.' Resp</u>, Ex. B.

Prior to the scheduled full inspection, Mr. Dutkiewicz called the fire marshal's office to protest the fire inspector's planned inspection of his residence. <u>See</u> <u>Compl.</u> at 7. Mr. Dutkiewicz claims that the fire inspector he spoke with responded that he did not need permission to enter Mr. Dutkiewicz's home and that the inspection "had nothing to do with [his] Constitutional Rights [sic]." <u>See id.</u> Defendants deny that the fire inspector made these comments. <u>Defs.' Resp.</u> at 4.

## IV. STANDARD OF REVIEW

A preliminary injunction is an "extraordinary" remedy that should not be routinely granted. <u>See</u> <u>JSG Trading Corp. v. Tray-Wrap, Inc.</u>, 917 F.2d 75, 80 (2d Cir. 1990). To prevail on a motion for a preliminary injunction, the party seeking the motion must establish:

> "(1) irreparable harm absent injunctive relief; (2) 'either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor;' and 3) that the public's interest weighs in favor of granting an injunction."

<u>Metro. Taxicab Bd. of Trade v. City of New York</u>, 615 F.3d 152, 156 (2d Cir. 2010). When the injunction sought will affect government action that is taken in the public interest pursuant to a statutory scheme, the moving party must meet "the more rigorous

likelihood-of-success standard." See id.  In addition, where the injunction will alter the status quo, a court should only issue the injunction "'upon a clear showing that the moving party is entitled to the relief requested or where extreme or very serious damage will result.'" Tom Doherty Assocs., Inc. v. Saban Entm't, Inc., 60 F.3d 27, 33 (2d Cir. 1995).

To show irreparable injury, the movant must demonstrate an actual, imminent injury that cannot be remedied with monetary damages.  See Rodriguez ex. Rel. Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir. 1999).  The injury may not be remote or speculative.  See id.  Absent such a showing, a court should deny the preliminary injunction.  See id.

## V.      DISCUSSION

Mr. Dutkiewicz seeks to enjoin the fire inspector from performing an annual inspection of his home.  As this Motion seeks to enjoin a government action being taken in the public interest pursuant to a statutory scheme and alter the status quo of allowing such inspections, in order to succeed in his motion, Mr. Dutkiewicz must make a clear showing that his challenge to Conn. Gen. Stat. § 29-305 is likely to succeed on the merits.  See Metro. Taxicab Bd. of Trade, 615 F.3d at 156; Tom Doherty Assocs., Inc., 60 F.3d at 34.

A.    Irreparable Harm

Mr. Dutkiewicz claims that allowing the inspection to proceed will violate his constitutional rights under the Fourth Amendment and the Fourteenth Amendment.  See Mot. Emergency Ex Parte Injunctive and Declaratory Relief at 4–5.

Administrative searches conducted without a warrant procedure may implicate Fourth Amendment protections, enforced against the state through the Fourteenth Amendment.  See Camara v. Mun. Court, 387 U.S. 523, 528, 534 (1967).  Consequently, an individual may insist that inspectors obtain a warrant prior to performing such a search.  See id. at 540.  Where a valid public interest justifies such an inspection, however, probable cause exists and a warrant may issue.  Id. at 539.  The fact that a certain amount of time has passed without an inspection may be sufficient to justify the issuance of a warrant in certain situations.  See id. at 538 (quoting Frank v. State of Maryland, 359 U.S. 360, 383 (1959) (Douglas, J., dissenting)).  The statutory scheme in Connecticut allows for a citizen to demand that the fire marshal obtain a warrant prior to performing an inspection.  See State v. Burke, 23 Conn. App. 528, 530–32 (Conn. App. Ct. 1990) (finding that Conn. Gen. Stat. § 29-305 was constitutionally applied where a fire marshal obtained an administrative search warrant prior to conducting an annual inspection).

Here, Mr. Dutkiewicz has not met his burden of demonstrating the existence of imminent, irreparable harm.  Defendants have indicated that if Mr. Dutkiewicz refuses to consent to the proposed inspection, they will seek an administrative search warrant. Defs.' Resp. at 7.  Though Mr. Dutkiewicz may demand that the fire inspector obtain a warrant prior to his inspection of Mr. Dutkiewicz's residence, so long as the warrant is

issued on the basis of reasonable legislative standards and in the public interest, Mr.

Dutkiewicz cannot claim he will suffer harm under the Fourth Amendment.

B.     Likelihood of Success

Mr. Dutkiewicz also fails to make a clear showing that his challenge to the

constitutionality of Conn. Gen. Stat. § 29-305 is likely to succeed on its merits.  Area

enforcement inspections enjoy a long history of judicial and public acceptance, and

serve the important function of preventing or abating dangerous conditions.  See id. at

537.  See also Burke, 23 Conn. App. at 531–32 (finding Conn. Gen. Stat. § 29-305 to be

constitutional).  In addition, such inspections "involve a relatively limited invasion of . . .

privacy" due to the fact that they are "neither personal in nature nor aimed at

discovering evidence of crime."  Camara, 387 U.S. at 537.

Mr. Dutkiewicz fails to present any evidence or legal authority to draw these

principles into question.  Consequently, he fails to establish a clear likelihood that his

challenge to the constitutionality of Conn. Gen. Stat. §29-305 is likely to succeed on its

merits.

C.     Public Interest

Finally, Mr. Dutkiewicz fails to establish that the public's interest weighs in favor

of granting this injunction.  Periodic code inspections aim to maintain compliance with

"minimum physical standards for private property."  Camara, 387 U.S. 535.  Such

standards are necessary to prevent both the intentional and unintentional development

of "conditions that are hazardous to public health and safety."  Id.

Although the public undoubtedly has a strong interest in maintaining Fourth

Amendment protections, given the warrant procedure in place here, such interest does

not outweigh the public's interest in maintaining minimum standards of fire prevention. In Mr. Dutkiewicz's building, the outbreak of a fire would not only place Mr. Dutkiewicz and his apartment in danger, but the lives and apartments of the other residents in the building as well. Consequently, the public interest in this case does not weigh in favor of enjoining the fire inspector's annual inspection.

## VI.     CONCLUSION

For the foregoing reasons, the court denies plaintiff's Motion for Emergency Injunctive and Declaratory Relief (Doc. No. 5).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 28th day of July, 2011.


       /s/ Janet C. Hall     
Janet C. Hall
United States District Judge