UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS M. DUTKIEWICZ, | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:11-CV-00790 (JCH) |
| | : | |
|    v. | : | |
| | : | |
| CITY OF BRISTOL, BRISTOL FIRE | : | SEPTEMBER 8, 2011 |
| DEPARTMENT, OFFICE OF THE | : | |
| FIRE MARSHAL | : | |
|    Defendants. | : | |

**RULING RE: PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. NO. 27)**

**I.    INTRODUCTION**

Plaintiff, Thomas M. Dutkiewicz, seeks reconsideration of this court's Ruling denying his Motion for Emergency Injunctive and Declaratory Relief. For the reasons set forth below, the court denies Dutkiewicz's Motion for Reconsideration.

**II.   BACKGROUND**

Dutkiewicz originally brought this claim against the City of Bristol, Bristol Fire Department, and Office of the Fire Marshal ("defendants"), seeking injunctive relief and a declaratory judgment that Conn. Gen. Stat. § 29-305 is unconstitutional. See Doc. No. 1. On July 28, 2011, this court issued a ruling denying Dutkiewicz's Motion for Emergency Injunctive and Declaratory Relief, finding that Dutkiewicz had failed to show irreparable harm, a likelihood of success, or demonstrate that the public interest weighed in favor of issuing an injunction. See Doc. No. 17 at 5–7. On September 1, 2011, Dutkiewicz filed the instant Motion. Doc. No. 27. Defendants oppose the Motion. Doc. No. 28.

1

**III.     STANDARD OF REVIEW**

The standard for granting a motion for reconsideration is strict, and such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  A court should not grant a motion for reconsideration where the moving party seeks to relitigate an issue the court has already decided.  See id.

**IV.     DISCUSSION**

    A.     Timeliness

Local Rule 7(c) provides that a motion for reconsideration "shall be filed and served within fourteen (14) days of the filing of the decision or order from which relief is sought."  The court filed its ruling denying Dutkiewicz's Motion for Emergency Injunctive and Declaratory Relief on July 28, 2011.  See Doc. No. 17.  Dutkiewicz never sought leave to file outside the fourteen day time period and did not file his Motion for Reconsideration until September 1, 2011, twenty-one days after the deadline for such a motion had passed.  As this motion is untimely, the court is not required to consider its merits.  See Lapico v. Portfolio Recovery Assocs., LLC, 2008 WL 1702187 at *1 (D.Conn. April 11, 2008) ("The failure to timely file a motion for reconsideration divests the court of jurisdiction over the motion.").

    B.     Merits

Even considering the merits of Dutkiewicz's Motion, however, reconsideration is not warranted.  Generally, the major reasons to grant a motion for reconsideration are "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  Virgin Atl. Airways v. Nat'l

Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright , A. Miller & E. Cooper, Federal Practice and Procedure § 4478 at 790).

Dutkiewicz rests his motion on two arguments. First, he argues that defendants do not have statutory authorization to use an administrative warrant. See Mot for Reconsideration at 4–5. Second, Dutkiewicz argues that property owners cannot consent to a search in place of a tenant. See id. at 5. Neither of these assertions presents a new argument that was unavailable to him when the court previously considered this issue. Additionally, Dutkiewicz bases his motion primarily on a Washington Supreme Court case, which is not binding on this court, nor instructive to the issue.[1]

The United States Supreme Court has held that probable cause exists to issue an administrative warrant where "a valid public interest justifies the intrusion contemplated." See Camara v. Mun. Court, 387 U.S. 523, 539 (1967). The Connecticut Appellate Court has found section 29-305 to be constitutionally applied where a fire marshal obtained an administrative search warrant prior to conducting an inspection. See State v. Burke, 23 Conn. App. 528, 530–32 (Conn. App. Ct. 1990). Dutkiewicz does not raise any new evidence or new law that calls these holdings into question.

## VI.  CONCLUSION

For the foregoing reasons, the court denies plaintiff's Motion for Reconsideration (Doc. No. 28).

---

[1] The court's analysis regarding administrative warrants in City of Seattle v. McCready is based on the Washington State Constitution. See City of Seattle v. McCready, 124 Wash.2d 300, 308–10 (1994). Additionally, the court in McCready in fact upholds the use of an administrative warrant under the federal Constitution. See id. at 311.

3

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 8th day of September, 2011.

                                             /s/ Janet C. Hall
                                           Janet C. Hall
                                           United States District Judge