UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS M. DUTKIEWICZ, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:11-CV-790 (JCH) |
| | : | |
| v. | : | |
| | : | |
| CITY OF BRISTOL, BRISTOL FIRE | : | MAY 15, 2013 |
| DEPARTMENT, OFFICE OF THE | : | |
| FIRE MARSHAL, | : | |
|     Defendants. | : | |

**RULING RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 57)**

**I.   INTRODUCTION**

Plaintiff Thomas Dutkiewicz, pro se, originally brought this claim against the City of Bristol, Bristol Fire Department, and Office of the Fire Marshall ("defendants"), seeking injunctive relief, declaratory judgment that Conn. Gen. Stat. § 29-305 is unconstitutional, and pressing claims sounding in due process, illegal search and seizure and violation of privacy, and equal protection under the federal Constitution. See Doc. No. 1.  Notice to the Connecticut State Attorney General has been given in accordance with Fed. R. Civ. P. 5.1.  See Doc. No. 53, 55.  The defendants then filed this Motion for Summary Judgment ("Defs.' Mot. Summ J.") (Doc. No. 57) as to all claims against them, arguing that no deprivation of constitutional rights took place, and that the Connecticut statute in question is constitutional.[1]  The court previously issued a Ruling denying Dutkiewicz's Motion for Preliminary Injunction ("Ruling Mot. Prelim. Inj.") (Doc. No. 5).

---

[1] The plaintiff filed an opposition on April 1, 2013.  The defendants filed a Motion for Extension of Time (Doc. No. 63) to file a reply brief.  This Motion was granted, and defendants were given until April 29, 2013 to file. See Doc. No. 64.  No reply has been filed, and the time period for filing has ended.

1

For the following reasons, the court **grants** the Motion for Summary Judgment in its entirety.

## II.   STANDARD OF REVIEW

A motion for summary judgment "may properly be granted . . . only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant judgment for the moving party as a matter of law." In re Dana Corp., 574 F.3d 129, 151 (2d Cir. 2009).  Thus, the role of a district court in considering such a motion "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." Id.  In making this determination, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought.  See Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 274 (2d Cir. 2009).

"[T]he moving party bears the burden of showing that he or she is entitled to summary judgment." United Transp. Union v. Nat'l R.R. Passenger Corp., 588 F.3d 805, 809 (2d Cir. 2009).  Once the moving party has satisfied that burden, in order to defeat the motion, "the party opposing summary judgment may not merely rest on the allegations or denials of his pleading; rather his response, by affidavits or otherwise as provided in the Rule, must set forth 'specific facts' demonstrating that there is 'a genuine issue for trial.'" Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009) (quoting Fed. R. Civ. P. 56(e)).  "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor."  Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (quoting Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007)); see also Havey v. Homebound Mortg.,

Inc., 547 F.3d 158, 163 (2d Cir. 2008) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)) (stating that a non-moving party must point to more than a mere "scintilla" of evidence in order to defeat a motion for summary judgment).

### III.  FACTUAL BACKGROUND

The court notes that while the defendants have properly filed a statement of material facts pursuant to Local Rule 56(a) ("Defs.' 56(a)(1)") (Doc. No. 57-2), Dutkiewicz has not done so. As the facts asserted in defendant's 56(a)(1) Statement are adequately supported by evidence, and nothing in Dutkiewicz's opposition suggests any dispute with the characterization of what has actually taken place in the case, the court deems as admitted the facts as set forth in the Defendants' 56(a)(1) Statement.[2]

Thomas Dutkiewicz resides in a four-unit multi-family dwelling at 26 Pleasant Avenue in Bristol, Connecticut. Defs.' 56(a)(1) at ¶ 1. The entire property, 20-26 Pleasant Avenue, is owned by Robert Persichilli. Id. at ¶ 2.

On March 21, 2011, there was a fire in one of the second floor apartment units, No. 22. Id. at ¶ 3.[3] That fire was contained to the kitchen area of that apartment. Id. at ¶ 4. The occupant of that apartment was home at the time of the fire and suffered minor injuries. Id. at ¶ 5. The fire marshal determined that the smoke detector in that apartment unit was inoperable. Id. at ¶ 6.

---

[2] The court notes that in Dutkiewicz's opposition memorandum, he states that, "ALL facts in this instant case are in question," it is apparent that he is not disputing the facts of what actually took place, but rather the defendants' legal rationale supporting the constitutionality of Conn. Gen. Stat. § 29-305. See Plaintiff's Memorandum in Opposition to Motion for Summary Judgment ("Pl.'s Memo. Opp. Mot. Summ. J.") (Doc. No. 62). As this is a legal, not a factual argument, it is not relevant to the determination of the factual background.

[3] The numbering system for the apartments in this dwelling is somewhat atypical. There are four units in the building, each bearing an even number address. Defs.' 56(a)(1) at ¶ 2 n. 1.

On March 23, 2011, Fire Inspector Len DiVenere sent a letter to Persichilli requesting to inspect the property pursuant to Conn. Gen. Stat. § 29-305. Id. at ¶ 7. Pursuant to his request, DiVenere conducted a partial inspection of the property on March 25, 2011. Id. at ¶ 8. The inspection was limited to the common areas and the apartment where the fire broke out. Id. at ¶ 9. The inspection revealed numerous code violations. Id. at ¶ 10.

On April 27, 2011, DiVenere scheduled an appointment with Persichilli to conduct a full inspection of the entire property on May 10, 2011. Id. at ¶ 11. The purpose of the inspection was to see whether the previously-noted code violations had been corrected and also to inspect the remaining apartment units. Id. at ¶ 12.

Persichilli notified Dutkiewicz of the scheduled inspection. Id. at ¶ 13. Upon learning of the planned inspection, Dutkiewicz called the fire marshal's office to protest the fire marshal's right to inspect his home. Id. at 14. Dutkiewicz stated that he did not want anyone from the fire marshal's office in his apartment. Id.

To date, the fire marshal's office has not inspected Dutkiewicz's residence. Id. at ¶ 16. A complete inspection of the entire property, including the apartment unit where Dutkiewicz resides, has not been completed since 2006. Id. at ¶ 17.

**IV.   DISCUSSION**

Dutkiewicz appears to have brought claims related to alleged violations of his constitutional rights. Dutkiewicz asserts that his due process and equal protection rights, along with his rights against unreasonable searches and seizures, were violated by the attempted inspection of his apartment. Next Dutkiewicz seeks declaratory and

injunctive relief related to his claim that the Connecticut state statute authorizing fire marshal inspections is unconstitutional.

### A. Constitutional Violations

The court turns first to the alleged violations of Dutkiewicz's constitutional rights. To the extent that Dutkiewicz's claims are predicated on Fourth Amendment violations, there is no evidence here of a search, and no evidence of any kind of violation of an expectation of privacy, reasonable or otherwise. See Anobile v. Pelligrino, 303 F.3d 107, 119 (2d Cir. 2001) ("The Fourth Amendment protects people from unreasonable searches. Unreasonableness is gauged in part by the degree of expectation of privacy and the intrusiveness of the search."). "A Fourth Amendment 'search,' however, does not occur unless the search invades an object or area where one has a subjective expectation of privacy that society is prepared to accept as objectively reasonable." United States v. Hayes, 551 F.3d 138, 143 (2d Cir. 2008). No area was "invaded," and no search occurred. Accordingly, the court grants the Motion for Summary Judgment as to the Fourth and Fourteenth Amendment count.

To the extent that Dutkiewicz's claims are predicated on a deprivation of a property or liberty interest without due process, there is no evidence of such a deprivation. No search was conducted, no property was taken, and no actions that Dutkiewicz desired to undertake were stymied in any way. See J.S. v. T'Kach, 2013 WL 1442334, *4 (2d Cir. 2013) ("In order to [demonstrate a violation of procedural due process], a plaintiff must first identify a property right, second show that the government has deprived him of that right, and third show that the deprivation was effected without due process.") (internal quotations, emphasis, and punctuation marks omitted).

Accordingly, the court grants defendants' Motion for Summary Judgment as to the due process count.

To the extent that Dutkiewicz's claims relate to a violation of his rights to equal protection, those claims also fail. Dutkieweicz essentially argues that the Connecticut fire inspection statute irrationally discriminates between one and two family homes, which are not subject to inspections, and multi-family homes, which are subject to inspections. See Pl.'s Memo. Opp. Mot. Summ. J. at 18-21. As the number of families residing in a home is not a protected class, the proper standard of review is rational basis. See Yuen Jin v. Mukasey, 538 F.3d 143, 158 (2d Cir. 2008). "[A] classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity. Such a classification cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate government purpose." Heller v. Doe, 509 U.S. 312, 319-20 (1993).

In moving for summary judgment as to the equal protection claim, the defendants address the Dutkiewicz's allegation as a "class of one" claim. In discussing the issue of the rational basis for the differential statutory treatment of those who reside in multi-family houses, the defendants appear to simply argue that the fire safety inspectors cannot be said to have been acting irrationally because the statute imposes on them a mandatory duty to inspect multi-family homes in different ways. See Defendants' Memorandum in Support of Motion for Summary Judgment ("Defs.' Memo. Supp. Mot. Summ. J.") (Doc. No. 57-2) at 11. While this argument might be relevant to the issue of immunity (which was not raised by the defendants), it begs the question of what rational basis existed to differentiate between types of dwellings. However, such a rational

basis is supplied later, as defendants assert that inspections under section 29-205 are justified against Dutkiewicz because, "Should a fire break out in the apartment, not only could the plaintiff's own life and property be at risk, but also the life and property of all of his neighbors in the building." Id. at 14. That multi-family dwellings present a greater need for inspections because of the potential harm to neighbors is certainly rational and reasonable. "A classification subject to rational basis review 'must be upheld against [an] equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. Where there are plausible reasons for Congress' action, our inquiry is at an end.'" Yuen Jin, 538 F.3d at 158 (quoting FCC v. Beach Commc'ns, Inc., 508 U.S. 307, 313-14 (1993) (internal quotation marks and citations omitted). As such a rational basis exists, Dutkiewicz's Equal Protection claim must fail.

Accordingly, the court grants the Motion for Summary Judgment as to all constitutional claims against the defendants.

B. Constitutionality of Statute

Dutkiewicz also challenges the constitutionality of section 29-305 directly. This claim likewise fails. As the court noted in its Ruling denying Dutkiewicz's Motion for Preliminary Injunction, "Area enforcement inspections enjoy a long history of judicial and public acceptance, and serve the important function of preventing or abating dangerous conditions." Ruling Mot. Prelim. Inj. at 6 (citing Camara v. Municipal Court, 387 U.S. 523, 537 (1967) (finding that an area-wide housing code inspection conducted pursuant to an administrative warrant or with owner's consent is reasonable, balancing the need to search against the invasion that the search entails.)). The court notes that

7

defendants maintain that "If consent for a planned inspection is refused, the defendants will seek an administrative search warrant before entering the residence, unless there is an emergency requiring immediate attention for life safety, or in the interests of public safety."  Defs.' 56(a)(1) at ¶ 15.

The court notes that the Appellate Court of Connecticut has already upheld the constitutionality of section 29-305 in a case involving the actual prosecution of an individual for violations of the Connecticut Fire Safety Code in which the court specifically considered whether the statute was unconstitutional in that case because the statue allows for an administrative search warrant to issue without probable cause.  See State v. Burke, 23 Conn.App. 528, 530 (Conn.App. 1990).  As noted by the Supreme Court, inspections such as the ones contemplated by the statute in question mere, "'involve a relatively limited invasion of privacy' due to the fact that they are 'neither personal in nature nor aimed at discovering evidence of a crime.'"  Ruling Mot. Prelim. Inj. at 6 (quoting Camara, 387 U.S. at 537).  In short, Dutkiewicz has pointed to no authority, and presented no evidence, that would call the constitutionality of the statute into question.

## V.  CONCLUSION

For the foregoing reasons, the court grants defendants' Motion for Summary Judgment (Doc. No. 57) in its entirety.  The Clerk is directed to close the case.

**SO ORDERED.**

Dated at New Haven, Connecticut this 15th day of May, 2013.

                                                                                    /s/ Janet C. Hall
                                                                                    Janet C. Hall
                                                                                    United States District Judge